IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AVERY REIL, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-21-394 |
| DPSCS, and ECI, | * | |
| | * | |
| Defendants | | |

\*\*\*

**MEMORANDUM**

The self-represented plaintiff, Avery Reil, filed a civil rights action alleging a violation of his rights to due process and to access the law library. ECF 1. He also filed a motion to proceed in forma pauperis ("IFP"). ECF 2. Plaintiff has named "DPSCS" and "ECI" as defendants.

The affidavit in support of the IFP motion fails to conform with the requirements of 28 U.S.C. § 1915(a)(2), the relevant portion of which provides: "A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefore, in addition to filing the [requisite] affidavit . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." Thus, plaintiff must obtain from each of the prisons where he was incarcerated over the past six months an inmate account information sheet showing the deposits to his account and monthly balances maintained therein to assist the court in assessing the initial partial filing fee.

In order to assist plaintiff in providing this information to the court, the Finance Officer at Eastern Correctional Institution ("ECI") shall file a certificate which indicates (1) the average

monthly balance in the account for the six-month period immediately preceding the filing of this complaint and (2) the average monthly deposits to the account during that time.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require this court to conduct an initial screening of this Complaint and dismiss it if it (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see Lomax v. Ortiz-Marquez,* ___ U.S. ___, 140 S. Ct. 1721 (2020).

This Complaint is subject to dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim. However, plaintiff will be provided an opportunity to file an amended complaint to correct the deficiencies, as discussed below.

The Complaint is deficient because the named defendants cannot be sued in a §1983 proceeding. DPSCS (the Maryland Department of Public Safety and Correctional Services) is immune from suit in federal court. Nor is ECI (Eastern Correctional Institution) amenable to suit under 42 U.S.C. §1983.

Under the Eleventh Amendment, a State, including its agencies and departments, is immune from suit brought by its citizens or the citizens of another state in Federal court without the State's consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).[1] DPSCS is an agency of the State of Maryland. *See Dep't of Pub. Safety & Corr. Servs. v. Doe*, 94 A.3d 791, 794 n.2 (Md. 2014) (stating that DPSCS is "an agency of the State" for violations of a plaintiff's constitutional rights. Regarding ECI, courts have held that inanimate objects such as

---

[1] The Fourth Circuit has recognized three exceptions to Eleventh Amendment immunity. *See Hyde v. Md. State Bd. of Dental Exam'rs,* No. ELH-16-02489, 2017 WL 2908998, at *6 (D. Md. July 7, 2017) (ellipses in original) (quoting *Lee-Thomas v. Prince George's Cty. Pub. Sch.,* 666 F.3d 244, 249 (4th Cir. 2012)). None of the exceptions applies on the facts presented here.

buildings, facilities, and grounds do not act under color of state law and are not subject to suit under §1983. *See Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. §1983."); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Accordingly, ECI is not amenable to suit in this case.

To comply with the Federal Rules of Civil Procedure, the Complaint must contain, at a minimum, a short and plain statement of the claim that shows the plaintiff is entitled to relief and a request for relief, *see* Fed. R. Civ. Proc. 8(a), and also the names of each defendant, *see* Fed. R. Civ. Proc. 10(a). Additionally, under Rule 8(a), a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A complaint drafted by a self-represented plaintiff is held to a less stringent standard than one drafted by an attorney. A plaintiff who submits an inartfully pleaded complaint that includes a potentially cognizable claim should have the opportunity to particularize the complaint to define the issues and to name proper defendants. *See Johnson v. Silver,* 742 F.2d 823, 825 (4th Cir. 1984). Therefore, I shall provide plaintiff with an opportunity to file an amended complaint, due within 28 days of the date of this Order, which names the individuals who allegedly "stopped the

grievance process" and unlawfully restricted his access to the prison law library. *See* ECF 1 at 2. Additionally, plaintiff must state how defendants' conduct caused him harm.

An amended complaint usually replaces the original complaint. The general rule that "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint)); *see Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021). Therefore, the amended complaint required by this Order must include all of the allegations against each of the defendants, so that the amended complaint may stand alone as the sole complaint in this action, to which defendants must respond.

If the amended complaint fails to meet the requirements of this Order, it may be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff is further forewarned that his ability to file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1) as frivolous, malicious, or for failure to state a claim while he is incarcerated. *See* 28 U.S.C. § 1915(g).

To the extent plaintiff seeks appointment of counsel (ECF 1 at 3), his request will be denied, without prejudice. Federal district court judges have discretionary authority to appoint counsel under 28 U.S.C. § 1915(e)(1) where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982). At this early stage of the proceeding, if plaintiff is in need of additional time to file pleadings, this need can be accommodated through a request for an extension of time, rather than appointment of counsel. Plaintiff is also reminded that the court is obliged to construe liberally

the pleadings of a self-represented plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Additionally, it cannot yet be determined if a hearing or discovery will be necessary to the disposition of this case.

    An Order follows.

Date:  July 27, 2021                                          /s/
                                                   Ellen L. Hollander
                                                   United States District Judge